IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald Terrell Rice,           ) | |
|                                ) | Cr. No. 7:99-902 |
|              Movant,           ) | |
|                                ) | |
|     vs.                        ) | |
|                                ) | **ORDER AND OPINION** |
| United States of America,      ) | |
|                                ) | |
|              Respondent.       ) | |
| _____ ) | |

Movant Donald Terrell Rice is a federal inmate currently housed at USP-Atwater in Atwater, California. On May 5, 2014, Movant, proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. On June 4, 2014, Respondent United States of America (the "government") filed a motion to dismiss or for summary judgment, asserting that Movant's § 2255 motion is barred as successive, and that, in any event, his claim falls on the merits. By order also filed June 4, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. Movant filed a response in opposition to the government's motion on June 23, 2014.

I. FACTS AND PROCEDURAL HISTORY

On November 24, 1998, Movant and two other men robbed the Gold Pot Casino in Inman, South Carolina. Later that day, Movant and another individual robbed the L'il Cricket Tobacco Outlet in Lyman, South Carolina. Guns were used in both instances. Movant was indicted on September 29, 1999, and charged with interference with commerce by threat or violence, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1951 and 2 (Counts 1 and 3); using, carrying, and

brandishing a firearm during and in relation to a crime of violence, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Counts 2 and 4); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 5). On December 20, 1999, Movant pleaded guilty to all charges contained in the indictment.

A presentence investigation report (PSR) was prepared by the United States Probation Office (USPO). The USPO determined that, pursuant to U.S.S.G. § 3D1.1(a)(3), Counts 1 and 3 were unrelated offenses that should be treated separately and were subject to a multiple count adjustment under U.S.S.G. § 3D1.2(c). The USPO grouped together Counts 1 and 5 pursuant to U.S.S.G. § 3D1.4. The USPO further concluded that Counts 2 and 4 were excluded from the grouping rules because, by statute, any terms of imprisonment imposed would run consecutively to any other term of imprisonment. See U.S.S.G. § 3D1.1(b)(2) (currently U.S.S.G. § 3D1.1(b)(1)(B)). As a result, Movant's combined adjusted offense level was 26. He received a three-level reduction for acceptance of responsibility, for a total offense level of 23 as to Counts 1, 3, and 5. Movant's criminal history category was III, for a sentencing range under the U.S. Sentencing Guidelines of 57 to 71 months incarceration. Movant's statutory sentence as to Count 2 was seven years to life imprisonment, to be served consecutively to any other term of imprisonment. Movant's statutory sentence as to Count 4 was twenty-five years to life imprisonment, to be served consecutively to any other term of imprisonment.

Movant appeared before the court for sentencing on May 17, 2000. He was sentenced to incarceration for a period of 441 months, consisting of 57 months as to Counts 1, 3, and 5, to run concurrently; and 84 months as to Count 2 and 300 months as to Count 4, to be served consecutively to each other and consecutively as to Counts 1, 3, and 5. Judgment was entered on May 19, 2000.

On June 27, 2000, Movant was indicted and charged with escape from confinement, in violation of 18 U.S.C. § 751(a). See United States v. Rice, Cr. No. 8:00-474. Movant pleaded guilty on July 26, 2000 and was sentenced on October 30, 2000 to incarceration for a period of twenty-seven months, to be served consecutively to any previous state or federal sentence. Judgment was entered on October 31, 2000.

On April 6, 2001, Movant filed a motion to vacate pursuant to § 2255. See Rice v. United States, C/A No. 7:01-1913-24. Movant raised the following grounds for relief:

> Ground one: Movant asserts that he received ineffective assistance of counsel. Movant alleges that counsel failed to raise meritorious issues on direct appeal; that he inform Movant of the law in relation to the charges pleaded to; that counsel never investigated the charges; that he allowed Movant to plead guilty to unconstitutional issues; and that he allowed Movant to be prosecuted on a defective indictment.
>
> Ground two: Movant asserts that he received ineffective assistance of counsel. Movant asserts that the court lacked jurisdiction over his prosecution in that there was no evidence that either of the businesses robbed was involved in interstate commerce.
>
> Ground three: Movant asserts that he received ineffective assistance of counsel. Movant contends that the court lacked jurisdiction over his prosecution because there was no proof that an executive official authorised the federal prosecution.
>
> Ground four: Movant asserts that he received ineffective assistance of counsel. Movant alleges that his § 924(c) convictions were unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000).

On April 25, 2002, Movant filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Rice v. United States, C/A No. 9:02-1334-MBS-GCK. By order filed June 14, 2002, the § 2241 petition was dismissed without prejudice to allow Movant to exhaust his prison remedies.

On October 17, 2003, Movant filed a motion under 18 U.S.C. § 3582(c)(2) to modify his sentence

under Amendment 599 to the Sentencing Guidelines.[1]  See Rice v. United States, C/A No. 7:03-3311-MBS.

On February 25, 2004, the court granted summary judgment in favor of the government as to Movant's § 2255 motion, except as to Ground Four, which the court dismissed as moot in light of Movant's § 3582(c)(2) motion.  Movant subsequently came before the court on March 16, 2004, for a hearing on his § 3852(c)(2) motion.  Movant was resentenced to incarceration for a period of 430 months, consisting of 46 months as to Counts 1, 3, and 5, to run concurrently with Counts 2 and 4; 84 months as to Count 2, to run consecutively to Counts 1, 3, 4, and 5; and 300 months as to Count 4, to run consecutively to Counts 1, 2, 3, and 5.  An amended judgment was entered on March 18, 2004.

On June 9, 2006, Movant filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. See Rice v. O'Brien, C/A No. 06-1741-MBS-GCK.  The court determined that it was without jurisdiction and the case was transferred to the United States District Court for the Western District of Virginia by order filed July 27, 2006.

In his current § 2255 motion, Movant asserts the following ground for relief:

GROUND ONE: Actual innocence of recidivist charge in light of Alleyne[2] and Washington.[3]

Movant contends that the court's imposition of a consecutive 300-month sentence of imprisonment as to Count 4 was improper because it required the court to find that he was a

---

[1] Movant's § 3582(c)(2) motion was filed erroneously as a § 2255 motion.  The clerical error was noted by the court.  See ECF No. 9.

[2] Alleyne v. United States, 133 S. Ct. 2151 (2013).

[3] United States v. Washington, 714 F.3d 962 (6th Cir. 2013).

4

recidivist under 18 U.S.C. § 924(c)(1)(C)(i), which provides, in relevant part:

> (c)(1)(C) In the case of a second or subsequent conviction under this subsection, the person shall--
>
> (i) be sentenced to a term of imprisonment of not less than 25 years[.]

## II. DISCUSSION

The government first contends that Movant's § 2255 motion is barred because Movant has not obtained permission from the Court of Appeals from the Fourth Circuit to file a successive motion. The court agrees.

Pursuant to 28 U.S.C. § 2255(h),

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

If pre-filing authorization is not obtained from the appropriate court of appeals, the district court lacks jurisdiction to consider the § 2255 motion. United States v. Winestock, 340 F.3d 200, 2005-06 (4th Cir. 2003). The court is without jurisdiction to consider Movant's current § 2255 motion because, as discussed hereinabove, Movant previously brought a § 2255 motion that was resolved on the merits, see Rice v. United States, C/A No. 7:01-1913-24, and there is no evidence that Movant has obtained permission from the Fourth Circuit to file a successive § 2255 motion.

Movant contends that the court must review his current § 2255 motion because he is "actually innocent" of being a career offender. In McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013), the

5

United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or expiration of the statute of limitations." However, McQuiggin applies only when a defendant can demonstrate actual innocence of his crime of conviction. McQuiggin does not extend to cases in which a movant asserts actual innocence of his sentence, rather than of his crime of conviction. United States v. Jones, 758 F.3d 579, 586 (4th Cir. 2014).

Further, Movant cannot invoke Alleyne in his § 2255 motion because Alleyne has not been made retroactively applicable to cases on collateral review. United States v. Stewart, 540 F. App'x 171, 172, n* (4th Cir. Sept. 27, 2013). Even if Movant were not procedurally barred from raising a claim under Alleyne, he cannot prevail. In Alleyne, the Supreme Court determined that, consistent with Apprendi v. New Jersey, 530 U.S. 466 (2000), any fact that, by law, increases a mandatory minimum sentence is an "element" that must be submitted to the jury. In Alleyne, the penalty for the crime of using or carrying a firearm in relation to a crime of violence increased from five years to seven years incarceration if the firearm was brandished, and to ten years imprisonment if the firearm was discharged. See 18 U.S.C. § 924(c)(1)(A). According to the Court, "[t]he essential point is that the aggravating fact produce[s] a higher range, which, in turn, conclusively indicates that the fact is an element of a distinct and aggravated crime. It must, therefore, be submitted to the jury and found beyond a reasonable doubt." Alleyne, 133 S. Ct. at 2162-63.

Movant pleaded guilty to all counts of the indictment, and admitted to the facts presented by the government at the change of plea hearing, i.e., that he brandished a firearm on November 24, 1998 at the Gold Pot Casino and at the L'il Cricket Tobacco Outlet. Change of Plea Transcript, ECF No. 13, 31-34. Therefore, the court found no facts to increase Movant's minimum mandatory

sentence. Further, at the change of plea hearing, the government stated its position that the penalties for Counts 2 and 4 would be the enhanced penalties under § 924(c). Specifically, the government informed the court that the term for Count 2 would be seven years incarceration and that Count 4 would trigger the penalty for a second conviction. Movant acknowledged at the change of plea hearing that he understood he faced for Count 2 a term of imprisonment of not less than seven years consecutive to any other term of imprisonment; and for Count 4 a term of imprisonment of not less than twenty-five years consecutive to any other term of imprisonment. ECF No. 13, 26-27. See United States v. Burleigh, Cr. No. 3:11CR49-HEH-2, 2015 WL 1442903 (E.D. Va. March 27, 2015) (holding Alleyne not applicable when the defendant pleaded guilty to two counts of using a short-barreled shotgun and was on notice that higher mandatory minimum sentences would apply); United States v. Frazier, 572 F. App'x 239 (4th Cir. 2014) (finding plain error under Alleyne when the defendant did not admit to brandishing a weapon).

### III. CONCLUSION

For the reasons stated, the government's motion to dismiss or for summary judgment (ECF No. 72) is **granted**. Movant's § 2255 motion (ECF No. 68) is dismissed, without prejudice, to allow him to seek authorization from the Fourth Circuit to file a successive § 2255 motion.

### IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84

(4th Cir. 2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court **denies** a certificate of appealability.

    **IT IS SO ORDERED**.

                                                   /s/ Margaret B. Seymour  
                                                   Senior United States District Judge

Columbia, South Carolina

April 15, 2015

**NOTICE OF RIGHT TO APPEAL**

**Movant is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**